| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| LAURA BYNUM, | Case No. 2:20-cv-00150-TLN-DMC |
| Petitioner, | |
| v. | **SUA SPONTE REMAND ORDER** |
| COUNTY OF SISKIYOU BOARD OF SUPERVISORS, | |
| Respondent, | |
| KIMBERLY OLSON, | |
| Real Party in Interest/Defendant | |

This matter is before the Court pursuant to Defendant/Real Party in Interest[1] Kimberly Olson's ("Olson") Notice of Removal and Motion to Proceed *in Forma Pauperis*. (ECF Nos. 1, 3.) The Court notes Olson has also filed a Motion to Dismiss the removed action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Siskiyou, due to lack of subject-matter jurisdiction and DENIES Olson's Motion to Proceed *in Forma Pauperis* (ECF No. 3) and Motion to Dismiss (ECF No. 4) as moot.

---

[1] *See* ECF No. 2 (Certification and Notice of Interested Parties); ECF No. 1 at 7 (Petition attached to Notice of Removal).

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 23, 2019, Petitioner Laura Bynum ("Petitioner") filed a Verified Petition for Writ of Mandamus against Respondent County of Siskiyou Board of Supervisors ("Respondent") and Olson as Defendant/Real Party in Interest for immediate calendar preference pursuant to California Elections Code § 13314 ("§ 13314"). (Notice of Removal, ECF No. 1, at 7–13 (citing § 13314(a)(3)).) The Petition seeks removal of Olson's name from the ballot of the upcoming March 3, 2020 election pursuant to § 13314,[2] on the basis that Olson falsely certified to the Office of the Siskiyou County Clerk and Registrar of Voters that she was an eligible candidate for local office when, in fact, Olson has three prior felony convictions that involve the theft of public money.[3] Olson is therefore not eligible for an elected office under California Election Code § 20. (Pet., ECF 1 at ¶¶ 1–2, 7, 10–12.) On January 21, 2020, Olson filed a Notice of Removal removing the Petition from the Siskiyou County Superior Court. (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980

---

[2] Section 13314(a)(1) permits the elections official to "seek a writ of mandate alleging that an error or omission has occurred, or is about to occur, in the placing of a name on, or in the printing of, a ballot … or any neglect of duty has occurred, or is about to occur."

[3] Petitioner asserts she received certified copies from the Placer County Superior Court of Olson's felony convictions in Case No. 62-002004, for violations of California Welfare & Institutions Code §§ 10980(c)(2) (fraud to obtain aid-over $400), 14014 (false statements to receive health care), and 11540 (false eligibility statement), with a special allegation of excessive loss over $50,000 under California Penal Code § 12022.6(a). (Pet., ECF No. 1 at ¶¶ 9–11.) The Petition further notes that Olson attempted to have her felony convictions reduced to a misdemeanor and expunged in 2013, but the court denied her requests. (*Id.* at ¶ 11.)

F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III. ANALYSIS

Olson removed the above-entitled action to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 1.) Olson argues that California Elections Code § 20 ("§ 20"), effective in 2012, and its retroactive application barring her from running for local office due to her convictions in 2000, constitutes an *ex post facto* violation of Article 1, Section 10 of the U.S. Constitution. Further, Olson argues that § 20 raises federal question issues pertaining to her First and Fourteenth Amendment rights to run for and hold public office. (ECF No. 1 at 2–4.) Moreover, Olson argues the phrase "theft of public money," as used in the Petition to describe Olson's prior convictions, is actually a reference to the federal offense codified at 18 U.S.C. § 641, rather than any existing state statute, and therefore establishes federal question jurisdiction. (ECF No. 1 at 2 fn. 3, 3.) Olson's arguments, however, are unavailing.

Even if Olson's federal Constitutional rights are implicated by Petitioner's application of § 20, it is clear that the Petition itself contains only a single request for relief pursuant to §§ 20 and 13314 of the California Elections Code. (Pet., ECF 1 at ¶¶ 1–2, 7, 10–12.) The instant Petition therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar*

3

*Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Thus, while Olson seems to contend in the Notice of Removal that Petitioner has violated several federal laws, this assertion relates only to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Petitioner's Petition. *See Vaden*, 556 U.S. at 60–62.

In short, because the state court Petition only indicates one request pursuant to California Elections Code § 13314, this action does not present a federal question. There being no apparent grounds for federal jurisdiction,[4] it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Siskiyou and DENIES Olson's Motion to Proceed in Forma Pauperis (ECF No. 3) and Motion to Dismiss (ECF No. 4) as moot.

IT IS SO ORDERED.

Dated: February 18, 2020

Troy L. Nunley
United States District Judge

---

[4] Olson does not argue that the parties are diverse or that the amount in controversy exceeds $75,000, nor does it appear that diversity jurisdiction exists here.

4