Case 2:20-cv-00150-TLN-DMC   Document 7   Filed 01/24/22   Page 1 of 9

Kimberly R. Olson
PO Box 243
Hornbrook, CA 96044

FILED

JAN 24 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA

Laura Bynum,
      Petitioner,
vs.
Siskiyou County Board of Supervisors,
      Respondent,
_____

_____
Kimberly R. Olson,
      Real Party in Interest/Defendant
_____

) Case No: 2:20-cv-0150-TLN-DMC
)
) MOTION TO CORRECT DOCKET
) FRCivP 60(a), 60(b)(4)
)
)
)
) Date: February 24, 2022
) Time: 2:00 p.m.
) Courtroom: 2
) Judge: Hon. Troy L. Nunley
)
)

      Comes now the Real Party in Interest/Defendant, Kimberly R. Olson, appearing before this Court Pro Se, and moves this Court pursuant to FRCivP Rules 60(a), and 60(b)(4), under the Court's inherent powers, and in the interests of justice, for an order correcting the Docket in this matter, and to thereby also eliminate those portions of the entry dated February 21, 2020, appearing as ECF #6 which this Court determines are void. The Docket is in error on the basis that it does not clearly and correctly identify the closure of the case as occurring on February 20, 2020 immediately upon the filing of the Notice for Voluntary Dismissal by Petitioner Laura Bynum, made pursuant to FRCivP Rule 41(a)(1)(A)(i), appearing as ECF #5 on the Court's Docket[1]. Additionally, despite the entry of the Notice of Voluntary Dismissal on February 20, 2020, the Clerk, on February 21, 2020, entered onto the Docket an Order that was filed that day, and which was issued by the Honorable Troy L. Nunley purporting to remand the case to the Superior Court. On the basis of that Order's entry, the Clerk there and then created a Certified Copy of the Order, and mailed it to the Superior Court, whereupon it was deemed that the case was closed[2]. See Docket entry dated February 21, 2020 as ECF #6. The jurisprudence of this District, and the 9th Circuit, is that the entry of any orders of the District Court made after the entry of a properly and timely filed Notice of Entry of Dismissal are void, and so here the Clerk

---

[1] A true copy of that Notice, bearing the Clerk's filing stamp, is attached hereto as Exhibit A for the Court's convenience.
[2] This is also indicated in the notation at the top of the Docket, showing the "Date Terminated" for this action being designated as "02/21/2020".

should have noted the closure of the case by way of ECF #5, and not processed the "sua sponte order of remand" thereafter.

Real Party in Interest/Defendant respectfully requests that the Court either strike the entry of ECF #6 in its entirety with a further notation in ECF #5 that the filing of the voluntary dismissal itself closed the case, or that a further order issue indicating that the timely and properly-filed[3] Notice for Voluntary Dismissal by Petitioner Laura Bynum was effective immediately upon filing on February 20, 2020, and that therefore the proceedings entered one day later, on February 21, 2020 as ECF #6 were entered in error, and void, due to lack of jurisdiction by the Court to act further in the case.

## POINTS AND AUTHORITIES

The Ninth Circuit holds that Rule 41(a) allows a plaintiff to dismiss an action without a court order. Voluntary dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction immediately upon the filing of the notice of voluntary dismissal, preventing the filing and entry of any further orders affecting the case[4]. *See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 (9th Cir. 2008) (describing consequences of voluntary dismissal).

A multitude of other cases have reached similar conclusions. "[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-1078 and fn4 (9th Cir. 1999) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)). Additionally, "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Id*, at p.1078.

---

[3] RPI/Defendant notes, however, that the Notice makes a point of the fact that notice to the Court of its filing is not required, and that, indeed, no notice of the Notice of Dismissal was given even as a courtesy - resulting in the situation that this Motion seeks to rectify.

[4] This principle is routinely cited in the Eastern District of California. See, i.e., *Ornelas v. Cate*, Case No.: 1:10-cv-02366-AWI-SAB (PC) (E.D. Cal. Jun. 23, 2014). Even an order to close the case on the basis of the filing of the dismissal has been held to be in excess of jurisdiction. See *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 (8th Cir. 1984) (noting Rule 41(a)(1)"contains no exceptions that call for the exercise of judicial discretion by any court" and invalidating district court's entry of "So Ordered" notation on parties' Rule 41(a)(1)(ii) stipulated dismissal);

See also *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (all emphasis added):

"The language of Rule 41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action 'without order of court.' Fed. R.Civ.P. 41(a)(1). As the court stated in *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir. 1963):

> 'Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.'"

Moreover, the judges of this District frequently take care to assure that no misunderstanding of the consequences and results of the filing of a Rule 41(a)(1) dismissal might occur, as has unfortunately happened in this case given the unique timing and circumstances of the events documented at ECF #5 and #6. See i.e., Orders of the Hon. Kendall J. Newman in Case 2:12-cv-00803-GEB-KJN as ECF #27, filed 06/26/12; and, Case 2:14-cv-02975-JAM-KJN as ECF #28, filed 10/15/15. This Court's intervention to correct and clarify the Docket in this instance is therefore supported by the historical policy and law of this District, and the Circuit.

Since the mere issuance of a remand order does not serve to instantly divest the USDC of jurisdiction, but instead that divestment must occur by way of entry of the remand order, and the Clerk's mailing of a certified copy of the remand order to the state court, jurisdiction of this Court over this action was in full effect on February 20, 2020, when Petitioner/Plaintiff Laura Bynum filed her ECF #5 Notice of Voluntary Dismissal. Thus, the Clerk's filing and entry of the "*sua sponte* order of remand", and the creation and mailing of a certified copy of that order, each and all occurring on February 21, 2020 as ECF #6, were null and void acts. (FRCivP 60(b)(4).)

In interpreting 28 USC §1447(c), the Ninth Circuit and a majority of federal circuits take the position that the finality of the remand and the accompanying loss of federal jurisdiction requires both <u>entry</u> of the order with the federal clerk of court *and* a certified copy being mailed to the state court. *See, e.g., Bucy v. Nevada Construction Co.,* 125 F.2d 213, 217 (9th Cir. 1942) (noting that remand order is not self-executing); *Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217, 227 (3rd Cir.1995); *Hunt v. Acromed Corp.,* 961 F.2d 1079, 1081–82 (3rd Cir.1992); *Browning v. Navarro,* 743 F.2d 1069, 1078–79 (5th Cir.1984); *Fed. Deposit Ins. Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979).

The minority view of the interpretation of the remand statute is expressed by the Fourth Circuit, reasoning that because remands for lack of subject matter jurisdiction or defect in removal are unappealable, "the plain language of the statute[ ] ... support[s] the conclusion that §1447 divests a district court of jurisdiction upon the entry of its remand order" despite the federal clerk's duty to send a certified copy. *In re Lowe,* 102 F.3d 731, 735 (4th Cir.1996). Notably, however, even the minority view agrees that it is the <u>actual entry</u> of the remand order that triggers the loss of jurisdiction by the District court in a removed case. (*Id.*) However, it is also clear that such an order may not be "entered" in a case that has been voluntariy dismissed pursuant to Rule 41(a)(1)(A)(i), as is the situation now before the Court.

The majority view is also the law so far as the California Courts of Appeal are concerned. See *Spanair S.A. v. McDonnell Douglas Corp.* (2009) 172 Cal.App.4th 348, 352; "Based upon the language and history of section 1447, we hold that jurisdiction is not transferred back to the state court until the clerk of the federal district court mails a certified copy of the order of remand to the clerk of the superior court." See also *Allstate Ins. Co. v. Superior Court* (1982) 132 Cal.App.3d 670, 673-676 discussing the impropriety of resuming state court proceedings in a case that had been dismissed in federal court.

**CONCLUSION**

Based upon the foregoing authorities, the current entries of the of the Docket in this matter, appearing at ECF #6 meet the criteria of FRCivP Rule 60(a) and 60(b)(4), as well as this Court's inherent powers, for correction. Like a long-dormant land mine, the language and sequencing of the entries ECF #5 and ECF #6 have triggered confusion between the parties and other courts as to the actual way that the case was terminated in this Court, the consequences of the filing of the Notice of Voluntary Dismissal, and the effect of the later-entered "sua sponte remand order" on that Notice. ECF entry #6, read in conjunction with ECF #5 on the Docket, is confusing, inaccurate, in some regards void, and so RPI/Defendant respectfully requests that the Court correct it as being erroneous, and/or void.

Submitted this 21st day of January, 2022.                    Kimberly R. Olson, RPI/Defendant

## CERTIFICATION AND PROOF OF SERVICE

I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States that I served Petitioner/Plaintiff Laura Bynum a true copy of the foregoing document via US Mail to her counsel of record, at the address below, on January 21, 2022 as follows:

Dana Lee Barton
P.O. Box 659
Yreka, CA 96097

Dated this 21st day of January, 2022.

Kimberly R. Olson, Plaintiff Pro Se

RPI/Defendant Kimberly Olson's Motion to Correct the Docket -    5

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

OFFICE OF SISKIYOU COUNTY COUNSEL
EDWARD J. KIERNAN, COUNTY COUNSEL (SBN:189243)
ekiernan@co.siskiyou.ca.us
P.O. Box 659
Yreka, CA 96097
Telephone: (530) 842-8100
Facsimile: (530) 842-8249

Attorney for Petitioner, LAURA BYNUM, in her official
Capacity as Siskiyou County Clerk & Registrar of Voters

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAURA BYNUM,

    Petitioner,

vs.

COUNTY OF SISKIYOU BOARD OF SUPERVISORS.

    Respondent,

v.

KIMBERLY OLSON,
    Real Party in Interest.

Case No. 2:20-CV-0150-TLN-DMC

NOTICE FOR VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i) WITHOUT PREJUDICE

Removed from the Superior Court of California for the County of Siskiyou, Case No. SCCVPT 19-1537

Verified Petition for Writ of Mandamus
Filed: December 23, 2019

## PETITIONER'S NOTICE FOR VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i) WITHOUT PREJUDICE

Pursuant to Rule 41(a)(1)(A)(i) of Federal Rules of Civil Procedure, the Petitioner Laura Bynum ("Petitioner") and her counsel hereby give notice that the Laura Bynum, the Siskiyou County Clerk & Registrar of Voters, voluntarily dismisses her claims against

Petitioner's Notice of and Request for Voluntary Dismissal w/out Prejudice FRCP Rule 41(a)(1)(A)(i)

1

1  Respondents County of Siskiyou Board of Supervisors and Real Party in Interest Kimberly
2  Olson, without prejudice on the basis that Respondents and Real Party in Interest have
3  evaded service, not filed an answer or motion for summary judgment, and therefore neither
4  an order from the Court nor a stipulation among the parties is necessary for a dismissal
5  without prejudice.

6  Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Petitioner
7  hereby respectfully gives notice of voluntary dismissal of its claims in this case, without
8  prejudice, as to all Respondents and Real Parties in Interest named herein.

DATED: February 20, 2020

Respectfully submitted,
OFFICE OF SISKIYOU COUNTY COUNSEL
EDWARD J. KEIRNAN, COUNTY COUNSEL

By _____
Edward J. Kiernan, County Counsel

Petitioner's Notice of and Request for Voluntary Dismissal w/out Prejudice FRCP Rule 41(a)(1)(A)(i)

2

## PROOF OF SERVICE

United States District Court, Eastern District of California Case No. 2:20-CV-150-TLN-DNCPS

I am a citizen of the United States and a resident of the County of Siskiyou; I am over the age of 18 years and not a party to the within action; my business address is 1312 Fairlane Road, Yreka, CA. On February 20, 2020, I served Petitioner's NOTICE AND REQUEST FOR VOLUNTARY DISMISSAL PURSUANT TO FRCP RULE 41(a)(1)(A)(i) WITHOUT PREJUDICE on the parties listed below, who do not appear on the Electronic Mail Notice List maintained by the Court, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Yreka, California, addressed as follows:

Kimberly R. Olson
PO Box 243
Hornbrook, CA 96044

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Yreka, California, this 20th day of February 2020.

_____
Lisa Robustellini