

Kimberly R. Olson
PO Box 243
Hornbrook, CA 96044

FEB 17 2022



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laura Bynum,<br>                    Petitioner,<br><br>        vs.<br><br>Siskiyou County Board of Supervisors,<br>                    Respondent,<br><br>_____<br>_____<br>Kimberly R. Olson,<br>        Real Party in Interest/Defendant | Case No: 2:20-cv-0150-TLN-DMC<br><br>REPLY TO MOTION TO CORRECT<br>DOCKET<br>FRCivP 60(a), 60(b)(4)<br><br>Date:  February 24, 2022<br>Time:  2:00 p.m.<br>Courtroom: 2<br>Judge:  Hon. Troy L. Nunley |

Comes now the Real Party in Interest/Defendant, Kimberly R. Olson ("Olson"),

appearing before this Court Pro Se, and, as no Opposition to the Motion to Correct Docket now

before the Court has been filed, submits this Reply in urging that the Court, pursuant to FRCivP

Rules 60(a), and 60(b)(4), issue an order correcting the Docket in this matter, and to thereby also

eliminate those portions of the entry dated February 21, 2020, appearing as ECF #6, are void as a

matter of law due to the preceding filing on February 20, 2020 of the Notice for Voluntary

Dismissal by Petitioner Laura Bynum, made pursuant to FRCivP Rule 41(a)(1)(A)(i).

(*Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-1078 and fn4 (9th

Cir. 1999); *Ornelas v. Cate*, Case No.: 1:10-cv-02366-AWI-SAB (PC) (E.D. Cal. Jun. 23, 2014);

*Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993).)

## I. LEGAL STANDARD

A. Rule 60(a)

Under Rule 60(a), a court "may correct a clerical mistake or a mistake arising from

oversight or omission whenever one is found in a judgment, order, or other part of the record." In

determining whether a mistake may be corrected under Rule 60(a), "our circuit focuses on what

the court originally intended to do." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).

Thus, "[t]he basic distinction between 'clerical mistakes' and mistakes that cannot be corrected

pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind." Id. n.2.

The quintessential "clerical" errors are where the court errs in transcribing the judgment or makes a computational mistake. 12-60 Moore's Federal Practice § 60.11[1][b]; see *Garamendi v. Henin*, 683 F.3d 1069, 1078, 1080 (9th Cir. 2012)[1]. But Rule 60(a) covers more than those situations. For example, in *In re Jee*, 799 F.2d 532 (9th Cir. 1986), the court held that a bankruptcy court did not clearly err in using Rule 60(a) to amend a prior dismissal order where the record and the recollection of the judge who entered the order indicated that the dismissal was intended to be without prejudice. In *Jones & Guerrero Co. v. Sealift Pacific*, 650 F.2d 1072 (9th Cir. 1981), the district court used Rule 60(a) to correct a blanket order dismissing twenty-two diversity cases, where the court intended to remand one of those cases—the only one not originally filed in federal court—to territorial court. It is clear that this Court has ongoing jurisdiction and authority to correct the record in this instance to reflect that, as a matter of law, no remand actually occurred, since the case was timely and properly dismissed by Petitioner Bynum on February 20, 2020 pursuant to FRCivP Rule 41(a)(1)(A)(i) on the basis that no answer or motion for summary judgment had been filed by any other party as of that day.

B. Rule 60(b)(4)

Under Federal Rule of Civil Procedure 60(b)(4), the court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." For example, where the district court issuing a default judgment lacks personal jurisdiction over the defendant, the default judgment is void and must be vacated. *Walker & Zanger (W. Coast) ///// Ltd. v. Stone Design S.A.*, 4 F. Supp. 2d 931, 934 (C.D. Cal. 1997), *aff'd*, 142 F.3d 447 (9th Cir. 1998). Olson's Motion before this Court is timely under Rule 60(b)(4) because no time limit applies to a motion to vacate a judgment as void. *Id.*

Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action without a court order so long as no answer or motion for summary judgment has yet been filed. The Ninth Circuit has plainly stated that "[o]nce the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders

---

[1] In *Garamendi, supra*, the Ninth Circuit further stated that Rule 60(a) "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Id.* at 1079.

pertaining to them." *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (citing *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 n.4 (9th Cir. 1999). "[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Commercial Space Mgmt., supra*, 193 F.3d at 1078.

Here, and as revealed by examination of the Clerk's (very short) docket in this action, there was no filing of any answer or a motion for summary judgment before Petitioner Laura Bynum filed her notice of voluntary dismissal on February 20, 2020 as ECF #5. The Court's order purportedly remanding this case to the Superior Court, terminating this action, and closing the file, did not occur until <u>one day after</u> that notice was filed. (ECF #6.)  Thus, under the federal rules and binding Ninth Circuit authority, this court lacked jurisdiction to have entered that order appearing as ECF #6 (and to take any further actions implementing the order via it's Clerk as well).  The order and its related matters entered on February 21, 2020, appearing as ECF #6, are therefore void under Federal Rule of Civil Procedure 60(b)(4).  (*World Skateboarding Fed'n, Inc. v. Int'l Skateboarding Fed'n*, No. 2:16-cv-02065-KJM-GGH (E.D. Cal. Jan. 19, 2018).)

That the court had <u>signed</u> the order *sua sponte* remanding the action to the Superior Court on February 18, 2020, does not change the analysis, because the Court's order had not yet been <u>entered</u> (and the other conditions of remand fulfilled), so it retained jurisdiction of this action *at the time* Petitioner Bynum filed her ECF #5 Notice. *See Miller v. Reddin*, 422 F.2d 1264, 1265-66 (9th Cir. 1970) (holding action "was subject to [Rule 41(a)(1)] voluntary dismissal until such time as there was an entry of judgment" even where "[t]he district court heard arguments on the motion to dismiss" and "ordered the action dismissed"); *Valtierra v. World Savings Bank*, 1:12-CV-1227 (E.D. Cal. Nov. 1, 2012) (dismissal filed after order signed, but prior to entry of order).

## **CONCLUSION**

Based upon the foregoing authorities, the current entries of the of the Docket in this matter, appearing at ECF #6 meet the criteria of FRCivP Rule 60(a) and 60(b)(4), as well as this Court's inherent powers, for correction, and elimination as being void. RPI/Defendant Olson respectfully requests that the Court grant her Motion herein.

Submitted this 13ᵗʰ day of February, 2022.

Kimberly R. Olson RPI/Defendant

1
2
3

## **CERTIFICATION AND PROOF OF SERVICE**

4      I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States

5 that I served Petitioner/Plaintiff Laura Bynum a true copy of the foregoing document via US

6 Mail to her counsel of record, at the address below, on February _____, 2022 as follows:

7 Dana Lee Barton
  P.O. Box 659
8 Yreka, CA 96097

9

10
        Dated this ___13th___ day of February, 2022.

11                                                         *Kimberly R. Olson*

12                                                         Kimberly R. Olson, Plaintiff Pro Se

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28